UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                Chapter 7
                                                     Case No. 14-40212-ess
JACOB PINSON and CHANA PINSON,
                                Debtors.

-----------------------------------------------------------x


## ORDER APPROVING GLOBAL SETTLEMENT & AMEX SETTLEMENT

Upon the motion, (the "Motion") of David Doyaga, as the Chapter 7 trustee of the

jointly administered estates of Jacob Pinson and Chana Pinson dated July 16, 2018, pursuant

to 11 U.S.C. §363 and Bankruptcy Rule 9019(a), seeking the entry of an order (A) approving

the Global Settlement Agreement filed with this Court on July 16, 2018 ***annexed to the Motion***

as Exhibit A (the "Global Settlement Agreement") by and among (i) David Doyaga, Chapter 7

Trustee ("Trustee") of the Estate of Chana and Jacob Pinson ("Debtors"), (ii) the Debtors, (iii)

Albert Wilk d/b/a Wilk RE, Alex Dikman, Metropolitan Estates Inc. (collectively, the "Wilk

Parties") (iv) Deitsch Plastic Co Inc., Essdee Realty Inc. and Shalvah Partnership (collectively,

the "Family Entities") and (v) Bubbe Hinda's Bread, LLC; East Village Gardens Corp.; Kahan's

Superette, Inc.; Shmuel Jurkowicz; Abraham Lokshin; M. Moshe Malamud; Yosef Majerczyk;

Mazbro Enterprises, LLC; Avrom Pinson; Mordechai Pinson; (collectively, the "Adversary

Proceeding Defendants"); and (B) authorizing the Trustee to transfer the Equity Interests (as

defined in the Motion) to the Family Entities or their designees; and (C) approving the

settlement agreement, dated October 4, 2017 filed with this Court on July 16, 2018 ***annexed to***

***the Motion*** as Exhibit B ("Amex Settlement Agreement"), respectively, in full and final

satisfaction of all claims and resolution of pending proceedings and applications by and between the Trustee, the Debtors, American Express Centurion Bank and American Express Credit Corporation ("Amex"); and (D) authorizing the release of the $18,300.00 paid by Amex and now held in trust by Trustee pending entry of this order pursuant to the Amex Settlement Agreement; and (E) withdrawal of Trustee's Motion for Sale of Property under Sec. 363(b) Business Interests of the Debtors filed August 23, 2017; and there being no filed opposition to the relief requested; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion was sufficient and no additional notice of or a hearing on the Motion is required under the circumstances, and (v) the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. ~~The Motion is granted to the extent provided herein.~~

2. Pursuant to Bankruptcy Rule 9019, the Trustee is authorized to enter into the Global Settlement Agreement and Amex Settlement Agreement; and

3. The Global Settlement Agreement and Amex Settlement Agreement are approved and the Trustee is authorized to sign the bill of sale annexed as Exhibit A ***to this Order***; and

4. The amount of $18,300.00 paid by Amex and held in trust by Trustee pending entry of this order shall be released pursuant to the terms of the Amex Settlement Agreement;

and

5.  The Trustee's motion [Docket #172] seeking to extend his time to object to the Debtors' discharge is withdrawn with prejudice against re-filing; and

6.  The Wilk Parties' motion [Docket #163] seeking a determination that claims numbered 11 and 12 are deemed timely is granted and those two claims shall be deemed timely claims; and

7.  The Trustee's motion [Docket #174] seeking to sell the Debtors' Equity Interests is granted to the extent of authorizing and directing the Trustee to transfer the Equity Interests to the Family Entities or their designees free and clear of all mortgages, security interests, liens, claims, interests and encumbrances in accordance with the terms of the Global Settlement Agreement; and

8.  The Adversary Proceedings with Docket numbers Adv. Pro. No. 1-15-01180-ess; Adv. Pro. No. 1-16-01018; Adv. Pro. No. 1-16-01019; Adv. Pro. No. 1-16-01020; Adv. Pro. No. 1-16-01021; Adv. Pro. No. 1-16-01022; Adv. Pro. No. 1-16-01023; Adv. Pro. No. 1-16-01024; Adv. Pro. No. 1-16-01025; Adv. Pro. No. 1-16-01026; Adv. Pro. No. 1-16-01028; Adv. Pro. No. 1-16-01029; Adv. Pro. No. 1-16-01031; Adv. Pro. No. 1-16-01032; Adv. Pro. No. 1-16-01033 are hereby dismissed with prejudice and Trustee is authorized to file orders dismissing those proceedings without costs; and

9.  The Amex Adversary Proceeding shall be dismissed with prejudice and Trustee is authorized to file orders dismissing that proceeding without costs; and

10. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Global Settlement Agreement and Amex Settlement Agreement and perform any and all obligations contemplated therein; and

11. The Court ~~shall~~ ***may*** retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: Brooklyn, New York
     December 19, 2018

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**