UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                          Chapter 7
                                               Case No. 14-40212-ess
JACOB PINSON and CHANA PINSON,
                          Debtors.


-----------------------------------------------------------x


## ORDER APPROVING GLOBAL SETTLEMENT & AMEX SETTLEMENT


Upon the motion, (the "Motion") of David Doyaga, as the Chapter 7 trustee of the jointly

administered estates of Jacob Pinson and Chana Pinson dated July 16, 2018, pursuant to 11

U.S.C. §363 and Bankruptcy Rule 9019(a), seeking the entry of an order


(A) approving the Global Settlement Agreement filed with this Court on July 16,

2018 as Exhibit A (the "Global Settlement Agreement") by and among (i) David Doyaga,

Chapter 7 Trustee ("Trustee") of the Estate of Chana and Jacob Pinson ("Debtors"), (ii) the

Debtors, (iii) Albert Wilk d/b/a Wilk RE, Alex Dikman, Metropolitan Estates Inc.(

collectively, the "Wilk Parties") (iv) Deitsch Plastic Co Inc., Essdee Realty Inc. and Shalvah

Partnership (collectively,the "Family Entities") and (v) Bubbe Hinda's Bread, LLC; East

Village Gardens Corp.; Kahan's Superette, Inc.; Shmuel Jurkowicz; Abraham Lokshin; M.

Moshe Malamud; Yosef Majerczyk; Mazbro Enterprises, LLC; Avrom Pinson; Mordechai

Pinson; (collectively, the "Adversary Proceeding Defendants") and

(B) authorizing the Trustee to transfer the Equity Interests (as defined in the Motion)

to the Family Entities or their designees;

(C) approving the settlement agreement, dated October 4, 2017 filed with this Court on July 16, 2018 as Exhibit B ("Amex Settlement Agreement"), respectively, in full and final satisfaction of all claims and resolution of pending proceedings and applications by and between the Trustee, the Debtors, American Express Centurion Bank and American Express Credit Corporation ("Amex") and

(D) authorizing the release of the $18,300.00 paid by Amex and now held in trust by Trustee pending entry of this order pursuant to the Amex Settlement Agreement;

(E) withdrawal of Trustee's Motion for Sale of Property under Sec. 363(b) Business Interests of the Debtors filed August 23, 2017;

there being no filed opposition to the relief requested;

and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion was sufficient and no additional notice of or a hearing on the Motion is required under the circumstances, and (v) the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

2.  Pursuant to Bankruptcy Rule 9019, the Trustee is authorized to enter into the Global Settlement Agreement and Amex Settlement Agreement.

3.  The Global Settlement Agreement and Amex Settlement Agreement are approved and the Trustee is authorized to sign the bill of sale annexed as Exhibit A.

4.  The amount of $18,300.00 paid by Amex and held in trust by Trustee pending entry of this order shall be released pursuant to the terms of the Amex Settlement Agreement

5.  The Trustee's motion [Docket #172] seeking to extend his time to object to the Debtors' discharge is withdrawn with prejudice against re-filing

6.  The Wilk Parties' motion [Docket #163] seeking a determination that claims numbered 11 and 12 are deemed timely is granted and those two claims shall be deemed timely claims .

7.  The Trustee's motion [Docket #174] seeking to sell the Debtors' Equity Interests is granted to the extent of authorizing and directing the Trustee to transfer the Equity Interests to the Family Entities or their designees free and clear of all mortgages, security interests, liens, claims, interests and encumbrances in accordance with the terms of the Global Settlement Agreement.

8.  The Adversary Proceedings with Docket numbers Adv. Pro. No. 1-15-01180-ess; Adv. Pro. No. 1-16-01018; Adv. Pro. No. 1-16-01019; Adv. Pro. No. 1-16-01020; Adv. Pro. No. 1-16-01021; Adv. Pro. No. 1-16-01022; Adv. Pro. No. 1-16-01023; Adv. Pro. No. 1-16-01024; Adv. Pro. No. 1-16-01025; Adv. Pro. No. 1-16-01026; Adv. Pro. No. 1-16-01028; Adv. Pro. No. 1-16-01029; Adv. Pro. No. 1-16-01031; Adv. Pro. No. 1-16-01032; Adv. Pro. No. 1-16-01033 are hereby dismissed with

prejudice and Trustee is authorized to file orders dismissing those proceedings without costs;

9.   The Amex Adversary Proceeding shall be dismissed with prejudice and Trustee is authorized to file orders dismissing that proceeding without costs;

10. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Global Settlement Agreement and Amex Settlement Agreement and perform any and all obligations contemplated therein.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**SO ORDERED**

THE HONORABLE ELIZABETH S. STONG
UNITED    STATES    BANKRUPTCY    COURT,
E.D.N.Y.

# Exhibit A

**<u>Bill of Sale</u>**

Pursuant to the order (the Order") of United States Bankruptcy Judge Elizabeth S. Stong dated _____, 2018 entered in the chapter 7 case of Jacob Pinson and Chana Pinson (the "Debtors"), case no 14-40212 (ESS) filed in the United States Bankruptcy Court for the Eastern District of New York, which approved the Global Settlement Agreement dated as of May 2018 approved by the Order, David J. Doyaga, chapter trustee of the Debtors' estates, hereby transfers to Morty Deitsch, Joe Deitsch and Moti Sandman, all right, title and interest that the Debtors' may have in:

1. Annash Inc
2. Deitsch Family LLC
3. Deitsch Plastic Co Inc (Jacob Pinson)     7.1
4. Deitsch Plastic Co Inc (Chana Pinson)     3.5%
5. Deitsch Int Sales Corp
6. Rechovos Co                               25%
7. Willowbrook Venture Co.
8. Shalvah Partnership                       3%
9. Essdee Realty Corp                        12.3%
10. Yachad Enterprises LLC                   55%
11. Orange land Corp                         6.2%


Dated: _____, 2018          _____

                                        David Doyaga, Chapter 7 trustee

# GLOBAL SETTLEMENT AGREEMENT



This Global Settlement Agreement (the "Settlement Agreement") is made and entered into as of May ⟋, 2018, by and among (i) David Doyaga, Chapter 7 Trustee ("Trustee") of the Estate of Chana and Jacob Pinson ("Debtors"), (ii) the Debtors, (iii) Albert Wilk d/b/a Wilk RE, Alex Dikman, Metropolitan Estates Inc.( collectively, the "Wilk Parties") (iv) Deitsch Plastic Co Inc., Essdee Realty Inc. and Shalvah Partnership (collectively,the "Family Entities") and (v) Bubbe Hinda's Bread, LLC; East Village Gardens Corp.; Kahan's Superette, Inc.; Shmuel Jurkowicz; Abraham Lokshin; M. Moshe Malamud; Yosef Majerczyk; Mazbro Enterprises, LLC; Avrom Pinson; Mordechai Pinson; (collectively, the "Adversary Proceeding Defendants")

WHEREAS, on January 21, 2014 the Debtors, filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"); and

WHEREAS, on February 14, 2014, David Doyaga qualified as chapter 7 Trustee of the Debtors' Estates; and

WHEREAS,  on November 5, 2015 a notice was sent to creditors notifying them that February 3, 2016 (the "Bar Date") was the last date to file claims against the Debtors' estate.

WHEREAS, on October 26, 2015, the Wilk Parties filed a complaint against the Debtors pursuant to 11 U.S.C. §§523 (a)(2), (4) and (6) and 727 (c)(d)and (e) commencing Adversary Proceeding 15-1180(the "Wilk Parties Adversary Proceeding"); and

WHEREAS, on April 14, 2017 the Wilk Parties filed a motion (the "Wilk Parties Motion") seeking authorization to file a claim after the bar date; and

WHEREAS objections to the Wilk Parties Motion have been filed by the Adversary Defendants and the Trustee; and

WHEREAS, on January 20, 2016  and January 21, 2016  the Trustee filed avoidance actions (the "Avoidance Actions") bearing adversary proceeding numbers 16-1018 through 16-1032; and

WHEREAS, on July 26, 2017 the Trustee filed a motion to extend his time to object to the Debtors' discharge (the "Trustee's Extension Motion"); and

WHEREAS on August 23, 2017, the Trustee filed a motion (the "Sale Motion"); proposing to sell the Debtors' equity interests in certain entities (the "Equity Interests"); and

WHEREAS an objection to the Sale Motion was filed on behalf of the Family Entities; and

WHEREAS, Nutovic & Associates ("Escrow Agent") is holding in its escrow account $165,000 (the "Escrow Amount") deposited on behalf of the Family Entities subject to release in accordance with paragraphs 5 and 6 of this Settlement Agreement; and

WHEREAS, in light of the uncertainty and cost of litigation, the parties hereto wish to fully and finally settle the above referenced motions, adversary proceedings and claims upon the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises, payments,

withdrawal of rights and releases and other valuable consideration contained herein, it is agreed as follows:

1. <u>Recitals</u>. The foregoing recitals are true and correct and shall be deemed incorporated herein.

2. <u>Bankruptcy Court Approval</u>. This Settlement Agreement is subject to and conditioned upon the entry of an order of the Bankruptcy Court (the "<u>Order</u>") approving this Settlement Agreement.

3. <u>Agreement</u>. The parties agree as follows:

    (i) The Avoidance Actions shall be dismissed with Prejudice.

    (ii) The Wilk Adversary Proceeding shall be dismissed with prejudice.

    (iii) The Trustee's Extension Motion shall be dismissed with prejudice.

    (iv) The Wilk Parties shall be permitted to file a claim against the Debtors which shall be deemed timely filed if filed within 10 days of the date hereof.

    (v) The Equity Interests shall be transferred to the Family Entities or their designees, free and clear of all mortgages, security interests, liens, claims, interests and encumbrances.

    (vi) The Family Entities shall pay the Escrow Amount to the Trustee.

4. <u>Submission of Settlement Agreement to Bankruptcy Court</u>. Upon receipt of a fully executed copy of this Settlement Agreement, the Trustee or his counsel shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court seeking approval of this Settlement Agreement and entry of an order substantially in the form annexed as Exhibit A (the "<u>Settlement Approval Order</u>").

5. Promptly after the Bankruptcy Court's approval of this Settlement Agreement, the following orders shall be submitted to the Bankruptcy Court for signature: (i) the Trustee shall submit the Settlement Approval Order, (ii) the Trustee shall submit an Order dismissing each of the Avoidance Actions with prejudice and without costs and (iii) the Debtors shall submit an order dismissing Wilk Aversary Proceeding with prejudice and without costs. In the event that the Bankruptcy Court shall fail to approve the Settlement Agreement within 180 days of the date hereof, the Family Entities shall have the right to terminate this agreement via email to the attorneys for all of the parties hereto and the Escrow Agent in which case this Settlement Agreement shall become null and void. If the Family Entities elect to terminate this Settlement Agreement the Escrow Agent shall be obligated to release the Escrow Amount back to the Family Entities or their designees within two business days of termination of this Settlement Agreement.

6. Provided that each of the (i) Settlement Approval Order; (ii) the Avoidance Action Orders; and (iii) the Discharge Complaint Dismissal Order have become final and non-appealable, then within two business days after the Trustee notifies the Escrow Agent and the attorneys for all parties to the Settlement Agreement via email that the last of the foregoing orders has become final and non-appealable, the Escrow Agent shall deliver the Escrow Amount to the Trustee by wire transfer or bank check.

7. Escrow Agent. In performing any duties under this Settlement Agreement, the Escrow Agent shall not be liable to any party for damages, losses, or expenses, except for gross

2

negligence or willful misconduct on the part of the Escrow Agent. The Escrow Agent shall not incur any liability for (i) any act or failure to act made or omitted in good faith or (ii) any action taken or omitted in reliance on any instrument, including any written statement or affidavit provided for in this Settlement Agreement that the Escrow Agent shall, in good faith, believe to be genuine, nor will the Escrow Agent be liable or responsible for forgeries, fraud, impersonations, or determining the scope of any representative authority, provided that the Escrow Agent believed, in good faith, that such forgeries, fraud, or impersonations were genuine and acted without gross negligence or willful misconduct. In addition, the Escrow Agent may consult with legal counsel in connection with the Escrow Agent's duties under this Agreement and shall be fully protected in any act taken, suffered, or permitted by it in good faith and in accordance with the advice of counsel. The Escrow Agent is not responsible for determining and verifying the authority of any person acting or purporting to act on behalf of any party to this Agreement. Anything in this Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for special, punitive, indirect, or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such damages and regardless of the form of action. If, at any time, there shall exist any dispute between the parties with respect to the holding or disposition of any portion of the Escrow Amount or any other obligations of the Escrow Agent hereunder, then the Escrow Agent may, in its sole discretion, file an interpleader action or any other similar proceeding in the Bankruptcy Court and pay into court all funds held by it in the Escrow Account for holding and disposition in accordance with the instructions of such court.

8. <u>Final and Non-Appealable</u>. For purposes of this Settlement Agreement, an order shall be deemed final and non-appealable if it has not been reversed, stayed, modified or amended, and no appeal has been timely taken or shall be pending and the time to make any further appeals from the order has expired. The possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, as made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, may be filed relating to such order shall not cause such order to not be a final non-appealable order.

9. <u>Representations</u>. Each of the undersigned Parties hereby represents and acknowledges that it has the requisite authority to execute this Settlement Agreement that it has had an opportunity to consult with its counsel regarding the terms of this Settlement Agreement, understands the terms of this Settlement Agreement, has entered into this Settlement Agreement freely of its own will, and agrees to be bound to the terms of this Settlement Agreement.

10. <u>Release by Trustee and Debtors' Estate to Family Entities</u>. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Debtors' Estate,(collectively, in this paragraph, "<u>FE Releasors</u>") each shall conclusively be deemed to have released each of the Family Entities (hereinafter "<u>FE Releasees</u>") their representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the FE

Releasees, the FE Releasors, their representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, with respect to the Debtors or their property, exclusive of the obligations of the Family Entities pursuant to this Settlement Agreement. Nothing contained herein shall be deemed a release of any person or entity other than the FE Releasees, and their successors and assigns. Notwithstanding anything to the contrary herein, if the Trustee is compelled by an Order of a Court of competent jurisdiction or required for any other reason to disgorge or repay any portion of the Escrow Amount, or if the payment of any portion of the Escrow Amount is avoided, then the releases given by the FE Releasors in this Stipulation shall be deemed ineffective.

11. Release by Family Entities to Trustee and Debtors' Estates. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of the Family Entities (in this paragraph, "Estate Releasors") shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (collectively, in this paragraph, "Estate Releasees"), their representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Estate Releasees, the Estate Releasors, their representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation. Nothing contained herein shall be deemed a release of any person or entity other than the Estate Releasees and their successors and assigns.

12. Cooperation. The Trustee shall cooperate with the Family Entities in effectuating the terms of this Settlement Agreement and shall duly execute and deliver all documents and perform all acts reasonably deemed necessary by the Family Entities for the implementation of this Settlement Agreement.

13. Counterparts. This Settlement Agreement may be executed in two or more counterparts, and by means of signatures conveyed by telephonic facsimile transmissions or images attached to e-mails, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. Settlement Agreement Construction. This Settlement Agreement was jointly drafted by the Parties. It shall not be interpreted or construed against any Party to this Settlement Agreement because that Party or any attorney or representative for that Party drafted this Settlement Agreement or any part thereof or participated in the drafting of this Settlement Agreement or any part thereof.

15. Severability. If any provision of this Settlement Agreement is invalid or unenforceable, then, to the fullest extent permitted by law: (i) the Parties shall attempt to agree upon a valid and enforceable provision that is a reasonable substitute therefor, and upon so agreeing shall

4

incorporate such substitute provision into this Settlement Agreement; (ii) the other provisions herein shall remain in full force and effect; and (iii) the invalidity or unenforceability of any provisions hereof shall not affect the validity or enforceability of such other provisions, except that none of the consideration provided in paragraph 3 may be eliminated or modified without the consent of all parties.

16. <u>Choice of Law/Venue</u>. The Parties agree that this Settlement Agreement shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Settlement Agreement shall be exclusively in the Bankruptcy Court.

17. <u>Costs and Attorney's Fees</u>. Each Party shall bear their own attorney's fees and costs in connection with the negotiation of this Settlement Agreement.

18. <u>Counsel</u>. The Parties each acknowledge that they have been represented by counsel in connection with the negotiation and drafting of this Settlement Agreement, that they fully understand the terms of this Settlement Agreement, that the terms herein were explained to them by their counsel and that they agree to be bound by such terms.

19. <u>Binding Effect</u>. This Settlement Agreement and each term hereof shall be binding upon and inure to the benefit of each of the parties, and their respective heirs, legal representatives, successors, and assigns.

20. <u>Headings</u>. The headings of paragraphs contained in this Settlement Agreement are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned counsel for the Parties and the undersigned have executed this Settlement Agreement as of the date set forth above.

David Doyaga, Chapter 7 Trustee of
Jacob Pinson and Chana Pinson

Shapiro and Associates, PLLC
Attorneys for David Doyaga, Trustee
By:
Title: _MTL-Lott , Associate_

5

_____
Jacob Pinson

_____
Chana Pinson

_____
Law Offices of Gregory Messer
Attorney for Jacob Pinson and Chana Pinson

_____
Albert Wilk d/b/a Wilk RE

_____
Alex Dikman

Metropolitan Estates Inc.

By: _____
Name:
Title:

Vogel Bach & Horn LLP
Attorneys for Albert Wilk d/b/a Wilk RE,
Alex Dikman, Metropolitan Estates Inc.

By: _____
                    Eric H. Horn

Deitsch Plastic Co Inc.

By: _____
Name:
Title:

Shalvah Partnership

By: _____
Name:
Title:

6

(ML)

Jacob Pinson

Chana Pinson

Law Offices of Gregory Messer
Attorney for Jacob Pinson and Chana Pinson

Albert Wilk d/b/a Wilk RE

Alex Dikman

Metropolitan Estates Inc.
By:
Name: A. Dikman
Title: President

Vogel Bach & Horn LLP
Attorneys for Albert Wilk d/b/a Wilk RE,
Alex Dikman, Metropolitan Estates Inc.

(ML)

By:
Eric H. Horn

Deitsch Plastic Co Inc.

By:
Name:
Title:

Shalvah Partnership

By:
Name:
Title:

6

Jacob Pinson

Chana Pinson

Law Offices of Gregory Messer
Attorney for Jacob Pinson and Chana Pinson

Albert Wilk d/b/a Wilk RE

Alex Dikman

Metropolitan Estates Inc.

By:_____
Name:
Title:

Vogel Bach & Horn LLP
Attorneys for Albert Wilk d/b/a Wilk RE,
Alex Dikman, Metropolitan Estates Inc.

By:_____
Eric H. Horn

Deitsch Plastic Co Inc.

By:_____
Name: MORDECAI DEITSCH
Title:

Shalvah Partnership

By:_____
Name: MORDECAI DEITSCH
Title:

6

Essdee Realty Inc.

By: _____

Name: MORDECAI DEITSCH

Title:

Nutovic & Associates, Attorneys for
Deitsch Plastic Co Inc., Essdee Realty Inc.
and Shalvah Partnership

By: _____

      Isaac Nutovic

Nutovic & Associates, Escrow Agent

By: _____

      Isaac Nutovic

M. David Graubard, Attorney for
Bubbe Hinda's Bread, LLC;
East Village Gardens Corp.;
Kahan's Superette, Inc.;
Shmuel Jurkowicz;
Abraham Lokshin;
M. Moshe Malamud;
Yosef Majerczyk;
Mazbro Enterprises, LLC;
Avrom Pinson;
Mordechai Pinson

7

Essdee Realty Inc.

By:_____
Name:
Title:

Nutovic & Associates, Attorneys for
Deitsch Plastic Co Inc.. Essdee Realty Inc.
and Shalvah Partnership

By:_____
        Isaac Nutovic

Nutovic & Associates, Escrow Agent

By:_____
        Isaac Nutovic

Kera & Graubard

By:_____
M. David Graubard, Attorneys for
Bubbe Hinda's Bread, LLC;
East Village Gardens Corp.;
Kahan's Superette. Inc.;
Shmuel Jurkowicz;
Abraham Lokshin;
M. Moshe Malamud;
Yosef Majerczyk;
Mazbro Enterprises. LLC;
Avrom Pinson;
Mordechai Pinson

7